IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dennis J. Jackson,<br><br>            Petitioner,<br><br>v.<br><br>Warden of Broad River<br>Correctional Institution,<br><br>            Respondent. | Civil Action No.8:09-906-MBS-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on April 2, 2009.[1] On November 5, 2009, the Respondent moved for summary judgment. (Dkt. # 20.) By order filed November 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 22.) On January 15, 2010, the Petitioner filed his response in opposition to the Respondent's Summary Judgment Motion. (Dkt. # 29.)

---

[1] Although the filing date does not appear to be an issue in this case, there is no evidence in the record regarding the date the prison authorities received this habeas petition for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). The undersigned is using the date the petition was signed as the filing date. (Pet.)

## I. **PROCEDURAL HISTORY/FACTS**

The petitioner is currently incarcerated at the Broad River Correctional Institution. In January 1998, the Petitioner was indicted for 1st degree burglary and criminal sexual conduct ("CSC"). At trial, the Petitioner was represented by Leslie Coggiola and Douglas Strickler. On January 8-13, 2001, the Petitioner was tried before a jury with the Honorable Marc H. Westbrook presiding. The jury found the Petitioner guilty as charged and Judge Westbrook sentenced the Petitioner to 30 years on each charge.

The Petitioner filed a direct appeal and was represented by Assistant Appellate Defender Robert M. Pachak. On direct appeal, the Petitioner raised the following issue: "Whether the trial court erred in allowing the State to present evidence of DNA results taken from a semen smear on a slide when the State failed to produce a complete chain of custody of the slide?" (App. 998.) On June 26, 2002, the South Carolina Court of Appeals dismissed the Petitioner's appeal in an unpublished opinion in *State v. Jackson*, No. 2002-UP-482 (Ct. App. filed June 26, 2002). (App. 1023-1026.) The remittitur was sent down on July 15, 2002. (App. 1027.)

On October 8, 2002, the Petitioner filed an application for Post-Conviction Relief ("PCR") raising ineffective assistance of counsel as the sole ground for relief. (App. 1028-33.)[2] On August 29, 2005, the Petitioner's appointed PCR counsel, Tara Dawn Shurling, filed an amended PCR application raising the following grounds for relief, quoted verbatim:

> 1. Trial counsel was ineffective for failing to investigate witnesses in a timely fashion as a result of which, Applicant's key witness was not contacted at all.
>
> 2. Trial counsel was ineffective for failing to secure a preliminary hearing for Applicant where the Applicant had timely requested a preliminary hearing in writing and had informed

---

[2]The Petitioner did not allege any facts to support his ground for relief. Rather he requested that counsel be appointed to aid him in his PCR proceeding. (App. 1033.)

2

> counsel regarding the same and asked counsel to insure his request was honored.
>
> 3. Trial counsel was ineffective for failing to preserve Applicant's right to a speedy trial.
>
> 4. Trial counsel was ineffective for concurring with the solicitor's position that not all of the available sample had been sent for testing, and for not being present when the Applicant's blood was drawn for his DNA sample.
>
> 5. Trial counsel was ineffective for not challenging the introduction of test results where the evidence showed that someone else's DNA - other that the Applicant's and the victim's - was present in the sample.
>
> 6. Trial counsel was ineffective for failing to object to a break in the chain of custody of critical evidence.

(App. 1039.)

On April 4, 2007, a hearing was held before the Honorable L. Casey Manning. (App. 1042-1106.) On July 31, 2007, Judge Manning denied and dismissed Petitioner's PCR application with prejudice. (App.1109-20.)

The Petitioner filed an appeal of the denial of his application for PCR to the South Carolina Supreme Court. The Petitioner was represented on his PCR appeal by Appellate Defender Eleanor Duffy Cleary. She filed a motion to be relieved as counsel and a *Johnson* petition raising the following issue: "Whether the trial counsel was ineffective for failing to inform petitioner that the state offered to allow him to plead guilty and recommend fifteen to twenty years. Petitioner stated he would have definitely taken the deal and he was sentenced to thirty years after a trial?" (Return Attach. # 2 - Johnson Pet. 2.) The Petitioner also filed a pro se response to the *Johnson* petition. (Return Attach. # 3.) On September 17, 2008, the South Carolina Supreme Court granted appellate counsel's request to withdraw and dismissed the Petitioner's appeal. (Return Attach. # 5.) The remittitur was sent down on October 3, 2008. (Return Attach. # 6.)

In this habeas action, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Trial Judge allowed DNA evidence in which the Chain of Command was clearly broken.
> **Supporting Facts:** The fact that trial judge allowed improper DNA evidence to be submitted in evidence when clearly the State chain of custody was broken. Several pieces of evidence was tampered with. For instance, no sign of force entry and no finger prints on door knob. The Solicitor admits one break in the chain which L. Week testified that Investigator Bell has the request filled out for her. See Transrcript Page 411, lines 22- 25 and Page 953, line 4-7. The DNA Expert, M. Deguglielo said the samples sent were determined someone who was neither the victim nor Petitioner. See Transcript Page 373 line 3-4. N. Leisure testified that Investigator Bell took the bed spread to SLED on September 21, 1999 and signed it over. However, on cross-examination the same notes on his direct, he said he took the bedspread to SLED on September 21, 1999. See Transcript Pages 320, lines 25 through page 321, lines 1-13. Another break in the Chain of Custody on such item. Obviously Petitioner believes additional breaks were made that warrants Relief which supports further trial Judge error.
>
> **Ground Two:** PCR Judge did not grant relief on Plea Agreement.
> **Supporting Facts:** PCR Judge did not grant Petitioner relief even though his lawyer under oath admitted she could not remember if she told Petitioner about Plea Agreement the State offered and that she did not adequately assist Petitioner in the trial proceedings. Petitioner feels given the fact that him and her both giving statement that the charges was to be dropped and was not and after the amount of time that passed that had passed and she was told they had a match and to keep from putting everyone through a trial she was offered on my behalf a plea and she offered on Petitioner's behalf a Plea and she could not remember rather she showed it to Petitioner or shows she did not act in or on Petitioners behalf because on 1 charge alone Petitioner was facing a life sentence but here the state was offering 15-20 o 4 charges she should have been able to take the stand and say your honor I did tell or advise my client of the Plea and he said, no he did not want to take it. As a result Petitioner still got pending charges plus double the time so that is why Petitioner feels he is entitled to relief because Petitioners trial counsel was not acting in Petitioner's best interest.
>
> Because it was not giving to Petitioner until he had done five (5) years in prison where Petitioner's PCR lawyer T.D. Shurling asked Petitioner "why didn't you just take the plea and

4

> Petitioner was floored when she showed it to Petitioner because at that point it was the first time Petitioner had seen it or heard about it and the fact that she meant Petitioner's trial lawyer got the plea offer, November 2000, and must reject or accept by November 21, 2000 12:00 PM that means she rejected the offer without asking Petitioner or his family that is ineffective just on that ground. The PCR Judge says it also, see Transcript Page 53, lines 20-23. Petitioner asserts he should have granted relief at that juncture.
>
> **Ground Three:** Petitioner's right to a speedy trial.
> **Supporting Facts:** On page 49 of Petitioner's PCR transcript 6-19 trial attorney admitted on the stand once again she could not recollect if we discussed her asking for a speedy trial but that was one of the reasons for asking Petitioner skipping the Schmerber Hearinig [sic] so we could get this over with and she admitted herself the prosecution would have to either go forward or dismiss the charges so to Petitioner this is becoming a pattern about her not remembering that[.]
>
> **Ground Four:** Petitioner was deprived of Preliminary Hearing.
> **Supporting Facts:** Petitioner was never given a Preliminary Hearing but one was held in Petitioners was held but Petitioner was not there 1998 a Preliminary was held but Petitioner was not there. Had Petitioner been there this would not be a ground Petitioner feels that the whole thing was handled ineffectively and he should be given relief. See Transcript Page 56, lines 1-7.

(Habeas Pet.)

The Petitioner is seeking the following relief, quoted verbatim: "Would like to be able to go back and to accept the offer [he alleges] my appointed trial attorney withheld from me to resolve this matter." (Habeas Pet. 15.)

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

5

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

B. HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134

F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## C. EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

I. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines

8

govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

. . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause

if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. DISCUSSION

**Ground One**

In Ground One, the Petitioner contends the trial judge erred in admitting evidence without a proper chain of custody. The Respondent contends this issue is procedurally barred because it does not state a cognizable federal habeas claim. The undersigned agrees.

"The question of whether or not a chain of custody has been shown is one of state law, and state law questions are not very often the basis of constitutional error under habeas review." *Scott v. Jones,* 915 F.2d 1188, 1189 (8th Cir. 1990). Because federal habeas review is confined to errors of constitutional dimension, an issue concerning the mere admissibility of evidence under state law is not cognizable. *Ball v. Wyrick,* 547 F.2d 78, 79 (8th Cir. 1977). *See also Pulley v. Harris,* 465 U.S. 37 (1984) (holding "a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."). The issue then is not whether the trial court erred in admitting the evidence, but whether its admission resulted in a trial so fundamentally unfair that the Petitioner was denied due process of law. *See Rainer v. Dep't of Corrections,* 914 F.2d 1067, 1072 (8th Cir. 1990).

The Petitioner presents no evidence to suggest violation of his due process rights.[3] Accordingly, this issue should be dismissed.

**Ground Two**

In Ground Two, the Petitioner alleges the PCR Judge erred by failing to grant him PCR because his trial counsel was ineffective for failing to present a plea offer to the Petitioner. The Respondent contends this issue is procedurally barred and also without merit.

First, the Respondent contends that the Petitioner waived and abandoned this claim in state court because he did not raise this ground in either his original or amended PCR applications or at the PCR hearing. Furthermore, the Respondent argues that this ground was waived and abandoned when it was not specifically addressed in the PCR court's order and the Petitioner did not file a Rule 59 (e) motion to alter or amend the order, citing *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). In *Marler*, the South Carolina Supreme Court clarified that its previous failure to consistently apply Rule 59(e) was based upon "unique" circumstances, 653 S.E.2d at 267, and that these unique circumstances "do not change the general rule that issues which are not properly preserved will not be addressed on appeal." *Id.*

Recently in *Bostick v. Stevenson,* 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit determined that as of the time of Bostick's state proceedings, "South Carolina Rule 59(e) was not consistently applied by the state's courts, and [ ] as a result, his failure to comply with the rule" did not act as a procedural bar from pursuing the merits of his claims in a § 2254 petition. *Bostick*, 589 F.3d at 164. In *Bostick,* the PCR court denied Bostick relief in August 2004, and the South Carolina Supreme Court summarily denied his petition in

---

[3]Additionally, the Respondent contends that the Petitioner is attempting to raise a different issue regarding a separate break in the chain of custody of the DNA evidence than that which he raised on direct appeal and thus the new issue would be procedurally barred because it was not raised below. As an issue of the chain of custody is clearly one of state law, the undersigned has not addressed this argument.

12

January 2007. The South Carolina Supreme Court issued its decision in *Marlar* in November 2007.

Here, the Petitioner's PCR application was denied by the PCR court's order which was filed on July 31, 2007, and his PCR appeal was denied on September 17, 2008. The date on which the PCR Court denied the Petitioner PCR was clearly within the time period prior to *Malar*, when the South Carolina Supreme Court had not clarified its enforcement of Rule 59(e) and Rule 59(e) was being applied inconsistently. Pursuant to the Fourth Circuit's decision in *Bostick* the undersigned finds that in this case the failure of the Petitioner to file a Rule 59(e) motion should not preclude this Court's consideration of the merits of the Petitioner's claims. However, as the Respondent alternatively argues, the undersigned finds that this issue fails on the merits.

The Respondent notes that while trial counsel testified she did not specifically remember discussing the plea offer with the Petitioner, she testified that it was her usual practice to discuss such offers with her clients. (App. 1094-95.) Trial counsel also testified she was sure that she and the Petitioner had a conversation about accepting a plea bargain. (App. 1095.) Trial counsel testified that the Petitioner always maintained he was innocent and was never interested in pleading guilty. (App. 1087-1088, 1095-1096.) There is no reason to disbelieve trial counsel's sworn testimony that, consistent with her normal practice, she would have presented the plea deal to the Petitioner. *Cf. Carrion v. Smith*, 549 F.3d 583 (2d Cir. 2008) (holding "no error in . . . reliance on [defense counsel's] testimony concerning his usual practice. . . .").

Furthermore, in this case, the Petitioner testified at his PCR hearing that he was not guilty of all of the charges which were part of the plea deal, but that he would have pled guilty for the sentence of 15-30 years offered in the deal. (App. 107.) It appears that the Petitioner really would have liked an *Alford* plea deal. An *Alford* plea is in effect a guilty plea that allows a defendant to take advantage of a plea bargain without admitting guilt. *North*

13

*Carolina v. Alford*, 400 U.S. 25 (1970). The defendant does not admit to the act he has been charged with but admits that sufficient evidence exists to convince a jury to find him guilty. *Id.* There is no evidence, however, here that the Petitioner was offered an *Alford* plea. Based on the foregoing, this ground should be dismissed.

**Grounds Three and Four**

In Ground Three, the Petitioner alleges he was denied a speedy trial and/or trial counsel failed to preserve his right to a speedy trial. In Ground Four, the Petitioner alleges he was denied a preliminary hearing. The Respondent contends that these issues are procedurally barred. The undersigned agrees.

The only issue the Petitioner raised on direct appeal was the admissibility of the DNA evidence and thus any direct appeal issue regarding the denial of his right to a speedy trial or a preliminary hearing were procedurally defaulted in state court and cannot now be raised in a federal habeas proceeding. Then, in his PCR appeal, the Petitioner raised only one issue in his *Johnson* petition - his trial counsel's alleged failure to communicate a plea offer. Therefore, any ineffective assistance claim in regard to his right to a speedy trial or the denial of a preliminary hearing were procedurally defaulted in state court and cannot be considered now on habeas review. *Coleman*, 501 U.S. 722 (holding failure to properly appeal issue to state appellate court results in procedural bar on habeas review).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). The Petitioner

has not argued any cause or prejudice or demonstrated a fundamental miscarriage of justice in regard to these issues. Accordingly, these issues are procedurally barred.

In *Kornahrens v. Evatt,* 66 F.3d 1350 (4th Cir.1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan,* 36 F.3d 8, 11 (4th Cir.1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, as these claims are procedurally barred, they should be dismissed.[4]

## IV. CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 20) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

Bruce Howe Hendricks
United States Magistrate Judge

March 25, 2010
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[4]Notwithstanding the holding in *Karsten*, the undersigned points out that in South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury. Rule 2(b), SCRCrimP. Here, the petitioner was indicted by the grand jury on the charges of burglary and 1st degree CSC, which satisfies any federal constitutional concerns as to a determination of probable cause. (App. 1121-1126.) Therefore, trial counsel was not deficient and the Petitioner has also failed to show any prejudice for her failure to move for a preliminary hearing.

15