IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis J. Jackson, #272043, ) | |
| ) | C/A No. 8:09-0906-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden, Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Dennis J. Jackson ("Petitioner") is a prisoner in the custody of the South Carolina Department of Corrections currently housed at the Broad River Correctional Institution in Columbia, South Carolina. On April 2, 2009,[1] Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"). ECF No. 1. This matter is before the Court on Respondent's motion for summary judgment, filed on November 5, 2009. ECF No. 21. For the reasons set forth below, the court grants Respondent's motion for summary judgment and dismisses Petitioner's Habeas Petition with prejudice.

I. **BACKGROUND**

A. **State Proceedings**

In January 1998, Petitioner was indicted for burglary in the first degree and criminal sexual

---

[1] A prisoner's pleading is deemed "filed" when he delivers papers to prison authorities to be forwarded to and filed with the district court. Houston v. Lack, 487 U.S. 266, 270–72 (1988). In this case, there is no evidence in the record as to when prison authorities received the Habeas Petition, but Petitioner signed it on April 2, 2009, and all parties appear to be in agreement that is the date it was "filed." See, e.g., Resp't's Summ. J. Mot. 16, ECF No. 21 ("The present habeas petition was filed on April 2, 2009.").

1

conduct in the first degree in Richland County, South Carolina. Indictment, ECF No. 21-11 at 21–22, 24–25. He was accused of breaking into a trailer home during the early morning hours of September 12, 1997 and raping the woman who lived there while she laid on top of her two young sons, ages three years and three months. Trial Tr. 88:2–89:11, 97:3–6, 112:1–126:9, ECF No. 21-1. Petitioner pleaded not guilty and in January 2001 was tried before a jury and the late Honorable Marc H. Westbrook, Circuit Court Judge for the Court of General Sessions for Richland County. At trial, Petitioner was represented by Leslie Coggiola and Douglas Strickler. The victim testified that Petitioner was her attacker and the State presented DNA evidence supporting the charges. Trial Tr. 143:20–151:16, ECF No. 21-2; Trial Tr. 520:5–19, ECF No. 21-5. After deliberating for a little over an hour, the jury found Petitioner guilty on both charges. Trial Tr. 982:7–21, 983:7–18, ECF No. 21-9. Judge Westbrook sentenced Petitioner to thirty years for each offense, to be served concurrently. J. & Sentence, ECF No. 21-11 at 23, 26.

Petitioner appealed directly to the South Carolina Court of Appeals, where he was represented by Robert M. Pachak, Assistant Appellate Defender. In his appellate brief, Petitioner raised a single issue for review: "Whether the trial court erred in allowing the State to present evidence of DNA results taken from a semen smear on a slide when the State failed to produce a complete chain of custody of the slide?" Appellant Final Br. 3, ECF No. 21-9 at 64. On June 26, 2002, the South Carolina Court of Appeals affirmed Petitioner's conviction. S.C. Ct. App. Unpublished Op. No. 2002-UP-482, ECF No. 21-10 at 26–29. The case was remitted to the court below on July 15, 2002. S.C. Ct. App. Remittitur Ltr. ECF No. 21-10 at 30.

On October 8, 2002, Petitioner filed a timely pro se application for post-conviction relief ("PCR Action") in which he alleged that his confinement was unlawful because he had received

ineffective assistance from his trial counsel. PCR App. 2, ECF No. 21-10 at 32. The State filed a Return on December 9, 2003, in which it argued that Petitioner could not satisfy either of the two requirements established in Strickland v. Washington, 466 U.S. 668 (1984), necessary to succeed in a post-conviction proceeding on the basis of ineffective assistance of counsel. State's Return 2, ECF No. 21-10 at 38. On August 29, 2005, Petitioner, by then represented by Tara Dawn Shurling, filed an amended application for post-conviction relief that expanded on Petitioner's ineffective assistance claims, specifically making the following allegations:

1. Trial counsel was ineffective for failing to investigate witnesses in a timely fashion as a result of which, Applicant's key witness was not contacted at all.

2. Trial counsel was ineffective for failing to secure a preliminary hearing for Applicant where the Applicant had timely requested a preliminary hearing in writing and had informed counsel regarding the same and asked counsel to insure his request was honored.

3. Trial counsel was ineffective for failing to preserve the Appellant's right to a speedy trial.

4. Trial counsel was ineffective for concurring with the solicitor's position that not all of the available sample [had] been sent for testing, and for not being present when the Applicant's blood was drawn for his DNA sample.

5. Trial counsel was ineffective for not challenging the introduction of test results where the evidence showed that someone else's DNA – other than the Applicant's and the victim's – was present in the sample.

6. Trial counsel was ineffective for failing to object to a break in the chain of custody evidence.

Am. PCR App. 1, ECF No. 21-10 at 42.

An evidentiary hearing on Petitioner's PCR Action was held before the Honorable L. Casey Manning, Circuit Court Judge for the Court of Common Pleas for Richland County, on April 4, 2006. Petitioner was represented at the hearing by Ms. Shurling. The court heard testimony from

Petitioner and an investigator named Leonard Bradley, as well as Petitioner's trial attorneys, Ms. Coggiola and Mr. Strickler. PCR Hr'g Tr. 1, 2, ECF No. 21-10 at 45, 46. The court admitted into evidence the plea offer made by the State prior to Petitioner's trial, the existence of which Petitioner claims trial counsel failed to inform him. Id. at 72:5–74:20. After considering the record before him, Judge Manning found that each of Petitioner's ineffective assistance claims was without merit. Judge Manning issued an order denying and dismissing Petitioner's PCR Action with prejudice on July 31, 2007. Order 12, ECF No. 21-11 at 20.

On April 7, 2008, appellate counsel, Eleanor Duffy Cleary, filed a petition for writ of certiorari with the South Carolina Supreme Court on Petitioner's behalf. The petition sought review on only one of the several grounds for ineffective assistance that Petitioner had raised and Judge Manning ruled on, below:

> Whether trial counsel was ineffective for failing to inform petitioner that the state offered to allow him to plead guilty and recommend fifteen to twenty years. Petitioner stated he would have definitely taken the deal and he was sentenced to thirty years after a trial? [sic]

Writ of Cert. Pet. 3, ECF No. 21-12.[2] On September 17, 2008, the South Carolina Court of Appeals denied the petition for writ of certiorari. S.C. Sup. Ct. Order 1, ECF No. 21-15. The case was remitted to the lower court on October 3, 2008. S.C. Sup. Ct. Remittitur Ltr. 1, ECF No. 21-16.

---

[2] This was an Anders v. California, 386 U.S. 738 (1967), petition and, consistent with the procedure approved in that case and by the South Carolina Supreme Court in Johnson v. State, 364 S.E.2d 201, 201 (S.C. 1988), on the same day that she filed the petition for certiorari, Ms. Cleary requested the Court relieve her as counsel, stating that she had reviewed the records and transcript of the PCR hearing and, in her opinion, "seeking certiorari from the order of dismissal is without merit," but that she had "briefed the one arguable legal issue which arose during the [PCR] process." Pet. To Be Relieved As Counsel 9, ECF No. 21-12.

4

### B. Habeas Petition

Petitioner filed the Habeas Petition on April 2, 2009, raising the following grounds for relief: (1) the "[t]rial judge allowed DNA evidence in which the Chain of Command was clearly broken," Habeas Pet. 6, ECF No. 1; (2) the "PCR Judge did not grant relief on [the] Plea Agreement . . . even though [Petitioner's] lawyer, under oath admitted she could not remember if she told Petitioner about [the] Plea Agreement the State offered and that she did not adequately assist Petitioner in the trial proceeding," id. at 7; (3) ineffective assistance of counsel based on trial counsel's failure to bring a motion for speedy trial, id. at 9; and (4) "Petitioner was deprived of [a] Preliminary Hearing." Id. at 11.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On November 5, 2009, Respondent filed a motion for summary judgment. ECF No. 21. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on November 6, 2009, advising Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to the motion. Roseboro Order, ECF No. 22. Petitioner filed a motion for extension of time to respond, which the Magistrate Judge granted on January 11, 2010, allowing Petitioner until February 4, 2010 to file a response. Petitioner filed his response in opposition to Defendant's motion for summary judgment on January 15, 2010. Pet'r's Resp., ECF No. 29.

On March 25, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted on each of Petitioner's claims and Petitioner's Habeas Petition be dismissed with prejudice. R&R 15, ECF No. 31. Petitioner filed an objection to the R&R on April 21, 2010. Pet'r's Objection, ECF No. 34.

## II. DISCUSSION

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The ultimate responsibility for making a final determination remains entirely with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

The Federal Rules of Civil Procedure provide that summary judgment shall be rendered when a moving party has shown that "the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law that governs a party's claims will identify which facts are "material" for the purposes of summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); "[t]hus, when the parties submit admissible evidence on the issue in question . . . , the court can determine that a trial is unnecessary only if either the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315–16 (4th Cir. 1993). Although a federal court is charged with liberally construing the complaints filed by pro se litigants so as to allow them to fully develop potentially meritorious cases, the requirement of liberal construction does not mean that the court

may assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Mere denials of the movant's pleading, unsupported allegations, or speculation will not defeat a properly supported motion for summary judgment. See, e.g., Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008) (citing Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)); Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the record could not lead a rational trier of fact applying the relevant substantive law to find for the non-moving party, there is no "genuine issue for trial" and summary judgment should be granted. Matsushita, 475 U.S. at 587 (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

A district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner filed his Habeas Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996; thus, his claims are reviewed pursuant to 28 U.S.C. § 2254(d), as amended, which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

7

### B. Application

The Magistrate Judge recommends that the court find as follows. First, with regard to Petitioner's "Ground One," which alleges that the trial judge erred in admitting evidence without a proper chain of custody, the Magistrate Judge recommends finding that this is a complaint about the application of state law, not cognizable as a federal habeas claim. R&R 11–12, ECF No. 31. With regard to "Ground Two," in which Petitioner alleges that trial counsel failed to inform him of a plea offer made by the State, the Magistrate Judge first points out that in fact Petitioner's counsel testified that, although she does not specifically remember discussing the plea offer with Petitioner, it was her normal practice to do so and, consistent with that practice, she is confident she would have done so in this case as well. Id. at 13. Judge Manning heard that testimony and found it credible. His ruling was consistent with other courts that have accepted "usual practice" testimony to deny relief for similar claims. See, e.g., Davis v. Shearin, No. AW-08-3453, 2010 WL 2595864, at *10 (D. Md. June 24, 2010). Cf. Carrion v. Smith, 549 F.3d 583, 590 (2d Cir. 2008) (holding "no error in . . . reliance on [defense counsel's] testimony concerning his usual practice . . . ."). Finally, with regard to Plaintiffs' final two claims, Grounds Three and Four, which allege that Petitioner's counsel failed to preserve his right to a speedy trial and that he was denied a Preliminary Hearing, the Magistrate Judge recommends finding both procedurally barred. The only issue that Petitioner raised on direct appeal addressed the admissibility of the DNA evidence introduced at his trial and his PCR Appeal sought review only on his claim that trial counsel failed to communicate the plea offer. Thus, the Magistrate Judge recommends that this court find that Petitioner, having failed to properly pursue Grounds Three and Four on the state level, cannot now properly raise them for federal habeas review. See R&R 15–16, ECF No. 31.

In his objection, Petitioner refers back to the allegations set forth in his Habeas Petition and complains generally: (1) "that the respondent's [sic] have not refuted the . . . legal allegations" made in the Habeas Petition; (2) that the Respondent has failed to carry its burden of demonstrating that there is no genuine issue of material fact entitling it to summary judgment; (3) that Petitioner has "pointed to specific errors of law which infected the trial and were of constitutional dimension" such that "this court[']s failure to consider his claims would result in a fundamental miscarriage of justice"; and (4) any procedural default by Petitioner "may be attributable to the State because it . . . stems from the State's failure to fulfill its obligations to facilitate access to the courts . . . ." Pet'r's Objection 1, ECF No. 34.

To the extent that Petitioner's final objection can be read to address the Magistrate Judge's recommendation that Grounds Three and Four be dismissed as time-barred, Petitioner may not avoid summary judgment by merely alleging, without any further explanation or support, that the State should be charged with his failure to pursue those claims. Moreover, the record reflects that Petitioner was represented by counsel at each stage in the relevant state proceedings. As such, any obligation that the State would have had to facilitate a pro se petitioner's access to the courts is beside the point. Petitioner's other objections are so general that the court cannot identify any specific recommendation by the Magistrate Judge that they are meant to address, but in spite of that deficiency, the court has conducted a de novo review of the record. Based on that review, the court agrees with the Magistrate Judge's recommendations and rules that Respondent's motion for summary judgment should be granted and Petitioner's Habeas Petition be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009,

provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **declines to issue** a certificate of appealability**.**

## IV. CONCLUSION

Respondent's motion for summary judgment is hereby **granted.** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is hereby **dismissed with prejudice**. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

August 19, 2010
Columbia, South Carolina